**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY


MELVIN L. DIXON,                   :
                                   :    Civil Action No. 12-2320 (NLH)
          Petitioner,              :
                                   :
     v.                            :    **OPINION**
                                   :
WARDEN DONNA ZICKEFOOSE,            :
                                   :
          Respondent.              :


**APPEARANCES:**

**MELVIN L. DIXON**, Petitioner pro se
08035-25
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, N.J. 08640


**HILLMAN, District Judge**

     Petitioner Melvin Dixon ("Petitioner"), a prisoner currently confined at the Federal Correctional Institution in Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The respondent is Warden Donna Zickefoose.  For the reasons stated below, the petition will be dismissed for lack of jurisdiction.

**I. BACKGROUND**

     In his only ground for relief, Petitioner states that after being sentenced in the District Court for the Southern District of Illinois, he was designated to Marianna Federal Prison in

Florida.  Thereafter, he requested a "nearer release transfer" to within 500 mile of his home in East St. Louis, Illinois.  Instead, the Bureau of Prisons re-designated him to FCI Fort Dix, which is still 1,000 miles from his home.  Petitioner filed administrative remedies requesting that he be transferred closer to home, but he states that those remedies have been futile.  Though he does not explicitly seek such relief, it appears that Petitioner is seeking to be transferred to a facility closer to his home.

**II. DISCUSSION**

**A. Legal Standard**

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994). Habeas Rule 2(c) requires a petition to "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury.  28 U.S.C. § 2254 Rule 2(c), applicable through Rule 1(b).

Habeas Rule 4 requires the court to sua sponte dismiss a petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).  Thus,

"[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856.  Dismissal without the filing of an answer has been found warranted when "it appears on the face of the petition that petitioner is not entitled to [habeas] relief." Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985).  See also Mayle v. Felix, 545 U.S. 644, 655 (2005).

**B. Analysis**

Section 2241 of Title 28 of the United States Code provides, in relevant part, that "[t]he writ of habeas corpus shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3).  Here, Petitioner failed to assert claims qualifying him for habeas relief.

Federal law provides two avenues of relief to prisoners: a petition for habeas corpus and a civil rights complaint.  See Muhammad v. Close, 540 U.S. 749, 750, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004).  The Court of Appeals for the Third Circuit explained the distinction between the availability of civil rights remedies and the availability of habeas relief as follows:

> [W]henever the challenge ultimately attacks the "core of habeas"—the validity of the continued conviction or the fact or length of the sentence—a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding

>   in plaintiff's favor would not alter his
>   sentence or undo his conviction, an action
>   under § 1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).

Therefore, a habeas petition is the proper mechanism only if the inmate seeks to challenge the "fact or duration" of his confinement. See Preiser v. Rodriguez, 411 U.S. 475, 498-99, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Where an inmate seeks a "quantum change" in the type of his custody, for example, where the inmate claims that he is entitled to release on probation or bond, or parole, habeas is the appropriate form of action. See, e.g., Graham v. Broglin, 922 F.2d 379 (7th Cir. 1991); accord Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005) (defining transfer from a formal correctional facility to a community correctional center as a matter falling within the scope of habeas review).

In this case, Petitioner challenges the denial of a request to transfer him from a facility in New Jersey to a facility in Illinois. However, because habeas relief is available only when prisoners "seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the [government's] custody," Wilkinson v. Dotson, 544 U.S. 74, 81, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005), and Petitioner does not seek either

4

speedier release or a judicial determination that necessarily implies the unlawfulness of his incarceration, this Court lacks habeas jurisdiction.  See McCall v. Ebbert, 384 F. App'x 55 (3d Cir. 2010) (District Court properly dismissed for lack of jurisdiction § 2241 petition challenging transfer to increased security level and conditions of confinement); Zapata v. United States, 264 F. App'x 242 (3d Cir. 2008) (District Court lacks jurisdiction under § 2241 to entertain inmate's challenge to prison transfer); Ganim v. Federal Bureau of Prisons, 235 F. App'x 882(3d Cir. 2007) (same).

The Court will therefore dismiss the Petition without prejudice to any right Petitioner may have to assert his claim in a properly filed complaint, pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).[1]

---

[1] The filing fee for a habeas petition is $5.00, and inmates filing a habeas petition who are granted in forma pauperis status do not have to pay the filing fee.  See Santana v. United States, 98 F.3d 752 (3d Cir.1996).  In contrast, the filing fee for a Bivens complaint is $350.00.  Inmates filing a Bivens complaint who proceed in forma pauperis are required to pay the entire filing fee in monthly installments, which are automatically deducted from the prison account.  See 28 U.S.C. § 1915(b).  In addition, if a prisoner has, on three or more occasions while incarcerated, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from immune defendants, then the prisoner may not bring another action in forma pauperis unless he or she is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).  Because of these differences, this Court will not sua sponte re-characterize this pleading as a civil complaint.  If

## III. CONCLUSION

Based on the foregoing, the Court dismisses the Petition without prejudice to any right Petitioner may have to assert his claims in a properly filed civil complaint.

Dated: October 10, 2012

At Camden.

                                      <u>s/ Noel L. Hillman</u>
                                      NOEL L. HILLMAN
                                      United States District Judge

---

Petitioner chooses to bring a civil complaint, he may do so by filing a complaint in a new docket number and either prepaying the $350 filing fee or applying to proceed in forma pauperis.